HILL, Senior Circuit Judge,
concurring:
I have had the distinct privilege of reviewing the works of Judges Carnes and Hoeveler which both explore our responsibilities in this interlocutory appeal. In the intellectual sense, both opinions are certainly well done. However, insofar as the rights, responsibilities and liabilities of the parties before us are concerned, their differences seem to be of little, if any, importance.
With this said, as I see it, there are more angels dancing on Judge Carnes’ pin than on Judge Hoeveler’s. I therefore concur in the opinion for the panel by the former.
Both opinions lead to a reversal and a judgment in appellant’s favor. But a reversal of what? A reversal of a judgment of the district court denying summary judgment in favor of appellant’s defense of qualified immunity.
Judge Hoeveler[1] would go a step further, cut across some appellate cobwebs, and, striking at the jugular vein, instruct the trial judge to dismiss the case on the merits. Thus would a district judge be spared further consideration of a case already found of no virtue by the court of appeals. That makes a lot of, perhaps facial, sense.
Judge Carnes, on the other hand, would redirect our attention to our limited appellant responsibilities. This is an interlocutory appeal. We do not take appeals piecemeal. We are authorized to review eases after final judgment. 28 U.S.C. § 1291. Except, of course, there are a few exceptions (there are always exceptions!).
Some rules of law protect us against more than just liability. Some protect us against the exposure of a trial. For example, a criminal defendant, protected from subjection to double jeopardy by the Constitution, but ordered to trial by the district court, may appeal the order denying *1273 his plea of double jeopardy before any further proceedings in the trial court. See Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
Here, a defendant, entitled to protection from exposure to trial by virtue of the fact that he is immune from such a claim, is entitled to appeal the denial of his plea of qualified -immunity before judgment — indeed, before trial. See Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We have no further right to interfere with the pendente lite rulings of the district court in such a case. We must address the immunity issue and that alone. Id.
There is merit in this. If we invited the parties to brief and argue before us prior rulings, the interlocutory appeal of one order would become a piecemeal appeal of all orders. A defendant with scant, if any, real claim to immunity, could appeal its denial in order to have the appellate court straighten out rulings on discovery, pretrial orders, deposition settings and the rest. That would not do.
Here, we have the case that obscures our function. It was bound to show up some day![2] In order to rule on the narrow qualified immunity issue, it is necessary that we examine the constitutional wrong alleged to have been done so that we can determine whether or not it was “clearly established.” Lo and behold, we find that there is no “clearly established” constitutional violation (because no constitutional violation of any kind was ever asserted) so we reverse the district court and order that summary judgment in favor of the defendant be entered. That, I believe, ends our appellate jurisdiction of this interlocutory appeal.
We then send the case back to the district judge without observing that the basis of.our ruling, set out parenthetically above, that no constitutional wrong was asserted, may also be the basis for a dismissal of the case on the merits. It would be, I apprehend.[3] On the face of it, we ought to go ahead and say so in our judgment, as Judge Hoeveler suggests. But we must be careful that our judgment here not set a precedent to include depositions, discovery and all the rest in future interlocutory appeals of this kind.
Even though the issue before us would be resolved alike in both, the two opinions here are useful. Their divergent views don’t interest the parties as much as they can be expected to intrigue those who write articles for law reviews. Interlocutory appellate jurisdiction is grist for these millers.
TIM-BERÜ!

. Judge Hoeveler has been one of the heaviest laden district judges in America, and continues to be one of the most thoughtful.

. A fine lawyer for the State of Georgia, who later became its supreme court's Chief Justice, the Honorable Harold N. Hill, Jr., once argued a political issue case for the state before the Supreme Court. He said: "Your honors, we have found that if anything can happen, it will happen!” Fortson v. Morris, 385 U.S. 231, 87 S.Ct. 446, 17 L.Ed.2d 330 (1966).

. I suggest that the district judge will see that this is so, perhaps wondering why we didn’t just say so!